Friedly, Appellant, v. Schmidlin, Appellee.

(No. 4024—Decided February 14, 1944.)

*Mr. Thomas N. Bierly* and *Mr. U. G. Denman,* for appellant.

*Mr. Thomas J. Mattimoe,* for appellee.

Carpenter, J. On August 20, 1943, plaintiff filed, under Section 11334, General Code, a petition in the short form in which he alleged by copy a promissory note made to him by defendant on January 1, 1921, due on or before January 1, 1924, for $380, with interest. It is also alleged that "there is one endorsement on said note as follows: 'Apr. 25, 1934, paid $20,' " and that "there is now due and owing on said note, from defendant to plaintiff" $840, for which plaintiff prayed judgment.

Defendant filed a demurrer to the petition, on the ground that the action was barred by the statute of limitations. The demurrer was sustained and the petition dismissed. Plaintiff appeals on questions of law.

The question is: Was there a sufficient allegation of payment by the defendant of the $20? If not, the action not having been begun within fifteen years from the due date, was barred. Section 11221, General Code.

If there was, the petition was good on demurrer. Section 11223, General Code.

Section 11334, General Code, in part provides:

"In an action * * * upon an instrument for the unconditional payment of money only, it shall be sufficient for a party to set forth a copy of the * * * instrument, with all credits and the indorsements thereon, and to state that there is due to him, on such * * * instrument, from the adverse party, a specified sum which he claims, with interest."

The petition here is a substantial compliance with that section, and it is fair to infer that plaintiff charged that the twenty-dollar payment was made by the defendant. If such payment is denied, the burden will be upon the plaintiff to prove that it was so made. Such was the construction given that statute in paragraph one of the syllabus in *Dykeman* v. *Johnson*, 83 Ohio St., 126, 93 N. E., 626. On page 133 in the opinion in that case, it is said:

"By the enactment of this statute the Legislature obviously intended that the statements therein prescribed, when adopted by the pleader, should be held the equivalent of, and should imply and import all that it would otherwise be necessary to specifically allege in the statement of a sufficient cause of action."

The decisions in the promissory note cases cited and relied upon by the defendant relate to the proof of payment required and not to the sufficiency of the allegation of payment in the petition.

The demurrer should have been overruled. The judgment is reversed and the cause remanded with directions to do this, and for further proceedings.

*Judgment reversed and cause remanded.*

LLOYD and STUART, JJ., concur.